**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
AT LEXINGTON**

**CIVIL ACTION NO. 19-464-DLB**

**ANDREW JOHNSTON**                                                   **PLAINTIFF**

**v.**                       **MEMORANDUM OPINION AND ORDER**

**DIRECTOR BUREAU OF PRISONS**                             **DEFENDANT**

\*\*\* \*\*\* \*\*\* \*\*\*

Plaintiff Andrew Johnston is an inmate currently confined at the United States Penitentiary Lee located in Pennington Gap, Virginia.[1] Proceeding without an attorney, Johnston previously filed a civil rights action challenging security classification and prison designation decisions made by the Bureau of Prisons ("BOP"). (Doc. # 1). However, Johnston's Complaint was dismissed by this Court upon initial screening pursuant to 28 U.S.C. §§ 1915(e)(2), 1915A. (Doc. # 8).

After Johnston's Complaint was dismissed, he filed a Motion for Acceptance of 'Amended Civil Complaint'[2] (Doc. # 10), and a Motion to Reconsider and/or Alter or Amend 12/12/2019 Order (Doc. # 13). With respect to the Motion to Amend, although leave to amend a pleading is ordinarily freely given, Fed. R. Civ. P. 15(a)(2), this Court has already entered a Judgment dismissing Johnston's Complaint without prejudice. (Doc # 9). "A party seeking leave to amend after an adverse judgment faces a heavier

---

[1] At the time that he filed his Complaint, Johnston was confined at the Federal Medical Center Lexington in Lexington, Kentucky.

[2] The Motion is effectively a Motion to Amend the Complaint.

1

burden than for a Rule 15 leave to amend motion prior to a final ruling." *Mich. Flyer LLC v. Wayne Cty. Airport Auth.*, 860 F.3d 425, 431 (6th Cir. 2017) (citations omitted). "Instead of meeting only the modest requirements of Rule 15, the claimant must meet the requirements for reopening a case established by Rules 59 or 60." *Clark v. United States*, 764 F.3d 653, 661 (6th Cir. 2014) (quoting *Leisure Caviar, LLC v. U.S. Fish & Wildlife Serv.*, 616 F.3d 612, 616 (6th Cir. 2010)). As the United States Court of Appeals for the Sixth Circuit has explained

> If a permissive amendment policy applied after adverse judgments, plaintiffs could use the court as a sounding board to discover holes in their arguments, then reopen the case by amending their complaint to take account of the court's decision. That would sidestep the narrow grounds for obtaining postjudgment relief under Rules 59 and 60, make the finality of judgments an interim concept and risk turning Rules 59 and 60 into nullities.

*Id.* (quoting *Leisure Caviar*, 616 F.3d at 615–16). For these reasons, the same legal standards apply to both Johnston's Motion to Amend (Doc. #10) and his Motion to Reconsider pursuant to Rule 59(e) (Doc. #13).

A court may grant relief under Rule 59(e) only to (1) correct a clear error of law; (2) account for newly discovered evidence; (3) accommodate an intervening change in controlling law; or (4) prevent a manifest injustice. *Am. Civil Liberties Union of Ky. v. McCreary Co., Ky.*, 607 F.3d 439, 450 (6th Cir. 2010); *Besser v. Sepanek*, 478 F. App'x 1001, 1001-02 (6th Cir. 2012). Alternatively, Rule 60(b) permits a district court to grant relief from a judgment for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud…, misrepresentation, or misconduct by an opposing party;

2

(4) the judgment is void;

(5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). Relief under Rule 60(b) is "circumscribed by public policy favoring finality of judgments and termination of litigation." *Ford Motor Co. v. Mustangs Unlimited, Inc.*, 487 F. 3d 465, 468 (6th Cir. 2007) (quotation marks and citations omitted).

Neither Johnston's Motion to Amend nor his Motion for Reconsideration satisfy the requirements of Rules 59(e) or 60(b). In his Motion to Amend, Johnston seeks to amend his Complaint to clarify that, rather than an action brought pursuant to *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971), his action was actually brought pursuant to 5 U.S.C. § 702–706 seeking to set aside an arbitrary "agency action" (which he identifies as the BOP's designation of his place of confinement). (Doc. # 10). He also now seeks an injunction specifically setting aside his designation to United States Penitentiary Lee. *Id*. He further seeks to amend his Complaint to allege that his designation was negligent, invoking the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671–80. *Id*.

However, to the extent that Johnston continues to challenge the BOP's decisions regarding Johnston's security classification and/or his place of confinement as an "arbitrary" agency decision, as the Court has already explained, (Doc. # 8), the BOP's decisions regarding where to house a particular inmate pursuant to 18 U.S.C. § 3621(b) are expressly insulated from judicial review under the Administrative Procedure Act ("APA"). *See* 18 U.S.C. § 3625 ("The provisions of sections 554 and 555 and 701 through

3

706 of title 5, United States Code, do not apply to the making of any determination, decision, or order under this subchapter," which includes 18 U.S.C. §§ 3621–3626). Moreover, to the extent that Johnston now seeks to pursue his claim as a negligence claim under the FTCA, Johnston's desire to change his legal theory of relief does not warrant setting aside the Court's prior Order and Judgment. *Jinks v. Allied Signal, Inc.*, 250 F. 3d 381, 385 (6th Cir. 2001) ("Rule 60(b) does not allow a defeated litigant a second chance to convince the court to rule in his or her favor by presenting new explanations, legal theories, or proof."). As the requirements for Rules 59(e) and 60(b) are not satisfied, *see infra and supra*, Johnston's Motion to Amend (Doc. # 10) will be **denied**.

In Johnston's Motion to Reconsider, he argues that the Court erred in dismissing his constitutional *Bivens* claim because it analyzed that claim as a denial of due process rather than an Eighth Amendment claim. (Doc. # 13). As an initial matter, neither the words "Eighth Amendment" nor "cruel and unusual punishment" appear anywhere in Johnston's original Complaint. (Doc. # 1). Although the Court has an obligation to liberally construe a complaint filed by a person proceeding without counsel, the Court is not required to create a claim for the plaintiff, nor to "conjure up unpled allegations." *Moorman v. Herrington*, No. 4:08-CV-P127-M, 2009 WL 2020669, at *1 (W.D. Ky. July 9, 2009) (citations omitted). Indeed, rather than the Eighth Amendment, Johnston's Complaint specifically invokes the Constitution's "due process clause and equal protection component thereof." (Doc. # 1 at 4)

Moreover, even if Johnston had invoked the Eighth Amendment, his Eighth Amendment *Bivens* claim would fail for the same reasons that his due-process claim failed—the only Defendant named in Johnston's complaint is the Director of the BOP. As

4

explained in the Court's Order (Doc. # 8), whether construed as a claim against the BOP Director in his official or individual capacity, Johnston's claim fails.[3]  Thus, Johnston fails to allege a constitutional *Bivens* claim against the Director of the BOP (the only named Defendant), regardless of whether that claim is construed as a claim under the Eighth Amendment or due process.

To the extent that Johnston's disagrees with the Court's application of the law, when a party simply disagrees with the district court's conclusions, the appropriate vehicle for relief is appeal, not a motion to alter or amend a judgment.  *Graham ex rel. Estate of Graham v. County of Washtenaw*, 358 F.3d 377, 385 (6th Cir. 2004) (motion to alter or amend judgment is not vehicle for obtaining post-judgment re-argument on issues already decided).   Thus, Johnston has not met any of the requirements under Rule 59(e) and his Motion to Reconsider (Doc. #13) will be **denied**.

Accordingly, the Court hereby **IT IS ORDERED** as follows:

(1)   Johnston's Motion for Acceptance of 'Amended Civil Complaint' (Doc. # 10) is **DENIED**;

---

[3]   A claim against the BOP Director in his "official capacity" is a suit against the BOP, which is a federal agency.  While *Bivens* authorizes suits against federal employees for violations of civil rights, it does not waive the sovereign immunity enjoyed by the United States and its agencies. *Ctr. for Bio–Ethical Reform, Inc. v. Napolitano*, 648 F.3d 365, 370 (6th Cir. 2011) (*Bivens* claims may be asserted against federal officials only in their individual capacities); *Okoro v. Scibana*, 63 F. App'x 182, 184 (6th Cir. 2003).  Nor may Johnston bring his claim against the BOP Director in his individual capacity, absent an allegation that the BOP Director was "personally involved in the alleged deprivation of federal rights." *Nwaebo v. Hawk-Sawyer*, 83 F. App'x 85, 86 (6th Cir. 2003) (*citing Rizzo v. Goode*, 423 U.S. 362, 373-77 (1976)).  Johnston has made no such allegation of personal involvement.

(2) To the extent that his "Notice of Supplemental Authority" in further support of his Motion to Amend his Complaint (Doc. # 11) requests additional relief, that request for relief is **DENIED**; and

(3) Johnston's Motion to Reconsider and/or Alter or Amend 12/12/2019 Order (Doc. # 13) is **DENIED**.

This 30th day of January, 2020.

Signed By:
*David L. Bunning* DB
United States District Judge

J:\DATA\ORDERS\ProSe\19-464 Order Denying MTA and MTR.docx